UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO.: |
| | : | |
| v. | : | |
| | : | |
| ONE (1) ROLEX OYSTER PERPETUAL | : | |
| WRISTWATCH BEARING SERIAL NUMBER | : | |
| 68J36001; AND ONE PAIR OF GOLD | : | |
| DIAMOND EARRINGS, | | |
| | : | |
| Defendants. | : | |
| | : | |
| [CLAIMANT: LONNIE JOYNER] | : | March 19, 2018 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes the Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and John B. Hughes, Assistant United States Attorney, and respectfully states that:

1.      This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to any listed violation of law or any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, and 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

2.      This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3.      The Defendants are: One (1) Rolex Oyster Perpetual Wristwatch bearing serial number 68J36001; and One Pair of Gold Diamond Earrings ("Defendant Assets").

1

4.     The Defendant Assets are located within the jurisdiction of this Court.

5.     Lonnie Joyner ("Claimant") has submitted an administrative claim of ownership as to the Defendant Assets.

Background of Investigation

6.     In October 2016, the Drug Enforcement Administration – New Haven Office began an investigation into a narcotics trafficking organization responsible for the delivery of heroin and cocaine from the Waterbury, Connecticut area to several locations in Maine in exchange for cash and weapons.  This organization was controlled and directed by the Claimant and another individual.

7.     During the course of this investigation, law enforcement learned of the methods of this organization, as well as the role the Claimant played in the transport of heroin, cocaine, and pills to his contacts in Maine who would purchase the narcotics from the Claimant in exchange for weapons and cash in amounts upwards of Three Million Dollars throughout the existence of the organization.

8.     As a result of the investigation, on September 27, 2017 a federal search and seizure warrant was issued by Magistrate Judge William I. Garfinkel for storage unit 302 at Cube Smart Self Storage, 770 West Main Street, Waterbury, Connecticut, which was rented by the Claimant.

9.     Upon entry of the unit, law enforcement discovered a 2011 Honda Crosstour which was registered to the Claimant's girlfriend who lived in Naugatuck at the time of seizure. It was known to law enforcement that the Claimant used this Naugatuck address as his home address in the leasing paperwork for the storage unit.

10.     Law enforcement approached the vehicle and saw a handgun that was partially visible, sticking out of a boot inside the vehicle.  An additional search and seizure warrant was then issued, enabling entry of the vehicle.  Two Smith & Wesson .38 caliber handguns were found hidden inside a Nike boot.  Further search of the vehicle yielded the In Rem Defendant Assets, paperwork containing the Claimant's name, plastic heat seal shrink-wrap and a small Louis Vuitton  sunglass bag.  All items were seized and taken into custody and transported to the DEA New Haven District Office.

11.     A search of the Connecticut Department of Labor database revealed that the Claimant has no employment history or records.

Claims for Relief

12.     Based upon the above information, it is believed that the Defendant Assets constitute property or is derived from proceeds traceable to a violation constituting "specified unlawful activity" and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

13.     The Defendant Assets represent proceeds or property derived from engaging in "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical," and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

14.     Based upon the above information, it is believed that the Defendant Assets constitute proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

15.     The Defendant Assets represent proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for One (1) Rolex Oyster Perpetual Wristwatch bearing serial number 68J36001 and One Pair of Gold Diamond Earrings; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Assets to be condemned and forfeited to the United States of America for disposition according to the law; and that the United States of America be granted such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ John B. Hughes
JOHN B. HUGHES (ct05289)
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
PHONE: (203) 821-3700
FAX: (203)773-5392
john.hughes@usdoj.gov

## DECLARATION

I am a Special Agent for the Drug Enforcement Administration, and the officer assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of March, 2018.

_/s/ Rodney George_
RODNEY GEORGE
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION
